(No. 4774-)

JOHN C. BYRNES, THOMAS J. FITZGERALD, ROMAN HABRELEWICZ, JOSEPH ONESTO, GEORGE PESTKA, JOHN SIEGEL, HAROLD THOMPSON, TONY JOHNSON, CHARLES MAEYS, and ROSEMARY RACINE, Administrator of the Estate of WALTER RACINE, Deceased, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

*Petitions of Claimants and Respondent for Rehearing withdrawn August 20, 1964.*

MICHAEL F. RYAN, and SEARS, STREIT AND TYLER, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

513

FEARER, J.

John C. Byrnes, Thomas J. Fitzgerald, Roman Habrelewicz, Joseph Onesto, George Pestka, John Siegel, Harold Thompson, Tony Johnson, Charles Maeys, and Rosemary Racine, Administrator of the Estate of Walter Racine, deceased, were all Civil Service employees of the Department of Agriculture of the State of Illinois on and before June 30, 1953. They are now suing for back salaries for the period of their removal, which was between June 30, 1953 and July 1, 1955.

Claimants, during their period of service, were Foods and Dairies Inspectors in the Department of Agriculture of the State of Illinois, and were removed from their positions on June 30, 1953. Subsequent to their removal on September 21, 1953, John C. Byrnes, Thomas J. Fitzgerald, Roman Habrelewicz, Joseph Onesto, George Pestka, Walter Racine, John Siegel and Harold Thompson filed a complaint for mandamus in the Circuit Court of Cook County, Illinois against Stillman J. Stanard, Director of the Department of Agriculture of the State of Illinois, Maude Myers, Saul A. Epton and Warren D. Moyer, members of the Illinois State Civil Service Commission, Orville E. Hodge, Auditor of Public Accounts of the State of Illinois, and Elmer J. Hoffman, Treasurer of the State of Illinois, in which complaint claimants requested reinstatement to their Civil Service positions with the Department of Agriculture of the State of Illinois, from which they asserted they had been illegally removed on June 30, 1953, together with payment of back salary from the date of their removal. Thereafter, on November 4, 1953, claimants, Tony Johnson and Charles

Maeys, were given leave to file their intervening complaint in the mandamus proceeding seeking the same relief as the original parties.

On March 15, 1954, the trial court entered judgment for the plaintiffs, and ordered the defendants to reinstate and recompense the plaintiffs the salary appropriated for their respective positions during the period of their removal.

Thereafter, the defendants appealed, and, on June 13, 1955, the Appellate Court of Illinois for the First District, affirmed the trial court's decision, and denied the defendant's petition for rehearing in the case of *People ex rel John C. Byrnes, Et Al,* vs. *Stillman J. Stanard, Et Al,* 6 Ill. App. (2d) 441.

Thereafter, defendants petitioned the Supreme Court of Illinois for leave to appeal, which was allowed, and, on September 25, 1956, the Supreme Court affirmed the findings in favor of the plaintiffs, and denied a petition for rehearing as reported in *People ex rel John C. Byrnes, Et Al,* vs. *Stillman J. Stanard, Et Al,* 9 Ill. (2d) 372.

Consequently all the claimants were reinstated, and are before this Court personally, or by legal representatives, seeking back salaries for the period from June 30, 1953 to July 1, 1955.

Summarily disposing of respondent's contention that claimants are barred from receiving an award, the law is well settled that illegally removed Civil Service employees may recover back salaries during the period of their separation after subsequent reinstatement subject to mitigation based on salaries from supplemental employment, *Schneider* vs. *State of Illinois,* 22 C.C.R. 453, as well as conscientious efforts to obtain employment and credibility of their testimony evidencing their efforts.

In order to arrive at the award to which claimants are entitled, we must consider each case individually.

John C. Byrnes may seek back pay for 24 months at $300.00 per month, or $7,200.00, less credit to the State for supplemental earnings during said period of time in the amount of $4,588.71, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $2,611.29.

The record shows that claimant was approximately 26 years of age, in apparent good health, and did not become gainfully employed until December 22, 1953. Therefore, his claim will be mitigated further for the period of time he was unemployed, i.e., from July 1, 1953 to December 22, 1953, in the amount of $576.00, which figure represents a fair standard set by this Court for credit to the State during the time when we feel that claimant should have been gainfully employed, leaving a net amount of $2,035.29.

Thomas J. Fitzgerald may seek back pay for 24 months at $300.00 per month, or $7,200.00, less credit to the State for supplemental earnings during said period of time in the amount of $5,889.98, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $1,310.02.

Roman Habrelewicz earned more during the period of separation than his salary as a Civil Service employee. Therefore, he is not entitled to an award.

Tony Johnson may seek back pay for 24 months at $310.00 per month, or $7,440.00.

The record shows that claimant only sought employment in a very small community, and that other part-time employment was available. Claimant was approximately 64 years of age, in apparent good health at the time of separation. Therefore, his claim will be mitigated fur-

ther for the period of time he was unemployed, i.e., from July 1, 1953 to August 1, 1954, in the amount of $1,344.00, which figure represents a fair standard set by this Court for credit to the State during the time when we feel that claimant should have been gainfully employed. However, his claim will not be further mitigated from July 1, 1954 to July 1, 1955, since claimant will have by that time achieved the age of retirement, leaving a net amount of $6,096.00.

Joseph Onesto may seek back pay for 24 months at $300.00 per month, or $7,200.00, less credit to the State for supplemental earnings during said period of time in the amount of $5,361.16, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $1,838.84.

The record shows that claimant was approximately 39 years of age, and in apparent good health at the time of the separation. He did not become gainfully employed until October 15, 1953. Therefore, his claim will be mitigated further for the period of time he was unemployed, i.e., from July 1, 1953 to October 15, 1953, in the amount of $308.00, which figure represents a fair standard set by this Court for credit to the State during the time when we feel that claimant should have been gainfully employed, leaving a net amount of $1,530.84.

George Pestka may seek back pay for 24 months at $340.00 per month, or $8,160.00, less credit to the State for supplemental earnings during said period of time in the amount of $1,410.03, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $6,749.97.

John Siegel, now deceased, may seek back pay for 24 months at $300.00 per month, or $7,200.00, less credit to the State for supplemental earnings during said period of time in the amount of $4,588.71, which figure has been

stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $2,611.29.

The record shows that claimant was approximately 56 years of age, in apparent good health at the time of separation, and did not become gainfully employed until January 16, 1954. Therefore, his claim will be mitigated further for the period of time he was unemployed, i.e., from July 1, 1953 to January 16, 1954, in the amount of $672.00, which figure represents a fair standard set by this Court for credit to the State during the time when we feel that claimant should have been gainfully employed, leaving a net amount of $1,939.29.

Harold Thompson may seek back pay for 24 months at $370.00 per month, or $8,880.00, less credit to the State for supplemental earnings during said period of time in the amount of $294.23, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $8,585.77.

The record shows that claimant was approximately 55 years of age at the time of his separation, and in apparent good health. Based upon the Commissioner's Report, it appears that claimant was highly uncooperative, and his credibility as a witness was questionable. Therefore, his claim will be mitigated further in the amount of $200.00 per month from July 1, 1953 to July 1, 1955, or $4,800.00, leaving a net amount of $3,785.77.

Charles Maeys may seek back pay for 24 months at $330.00 per month, or $7,920.00, less credit to the State for supplemental earnings during said period of time in the amount of $662.66, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $7,257.34.

The record shows that claimant was approximately 64 years of age, in apparent good health, admittedly had

not retired after his discharge, and could have obtained at least additional part-time employment. Therefore, this claim will be mitigated further for the period of time he was unemployed in the amount of $1,344.00, which figure represents a fair standard set by this Court for credit to the State during the time when we feel that claimant should have been gainfully employed, leaving a net amount of $5,913.34.

Rosemary Racine, Administrator of the Estate of Walter Racine, may seek back pay for 24 months at $345.00 per month, or $8,280.00, less credit to the State for supplemental earnings during said period of time in the amount of $4,828.03, which figure has been stipulated between the attorney for claimant and the Attorney General, leaving a net amount of $3,451.97.

The record shows that claimant, Walter Racine, did not become gainfully employed until November 9, 1953. Therefore, his claim will be mitigated further for the period of time he was unemployed, i.e., from July 1, 1953 to November 9, 1953, in the amount of $292.00, which figure represents a fair standard set by this Court for credit to the State during the time when we feel that claimant should have been gainfully employed, leaving a net amount of $3,159.97.

It is, therefore, the order of this Court that the following awards be granted: John C. Byrnes, $2,035.29; Thomas J. Fitzgerald, $1,310.02; Roman Habrelewicz, no award; Tony Johnson, $6,096.00; Joseph Onesto, $1,530.84; George Pestka, $6,749.97; John Siegel, $1,939.29; Harold Thompson, $3,785.77; Charles Maeys, $5,913.34; and, Rosemary Racine, Administrator of the Estate of Walter Racine, $3,159.97.